# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 19-3113

———————————————

United States of America

*Plaintiff - Appellee*

v.

LaSalle N. Waldrip

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

——————————

Submitted: April 15, 2020
Filed: May 19, 2020
[Unpublished]

——————————

Before LOKEN, SHEPHERD, and ERICKSON, Circuit Judges.

——————————

PER CURIAM.

LaSalle Waldrip introduced co-defendant Gregory Shaiquan Brown, a person interested in acquiring marijuana for distribution in Iowa, to a dealer in California using the moniker "Capone." After the initial introduction, Waldrip sent a text message to Brown informing Brown that "Capone" was ready for Brown to contact him ("Capone").

A few days later, postal inspectors in Des Moines, Iowa, intercepted an express mail parcel addressed to Waldrip's neighbor. The parcel was sealed on all seams with blue and white United States Postal Service Priority tape and was slightly damaged upon arrival in Des Moines. When law enforcement officers queried the parcel's return name, they discovered the listed return address was valid, however, the return name "A. Smith" was not associated with the return address. Officers then contacted the parcel's intended recipient, told her about the damaged parcel, and asked for permission to open and inspect the contents. The recipient consented to the inspection, which revealed a metal can containing a plastic baggie with approximately 447.8 grams of a crystal substance that field-tested positive for methamphetamine (401.79 grams of actual methamphetamine according to a laboratory report). Officers removed from the baggie approximately 134 grams of methamphetamine and placed it into evidence. The remaining methamphetamine was put back into the can and the parcel was resealed for a controlled delivery.

On June 22, 2018, a law enforcement officer, posing as a letter carrier, went to the listed address. Following typical delivery protocols, the officer scanned the parcel as delivered, placed it in front of the door, and rang the doorbell. Additional officers were conducting surveillance on the parcel and the residence. Shortly before the delivery, officers observed Waldrip meet Brown outside of Waldrip's residence, which was located a few houses down the street. Waldrip was observed walking to the front of the neighbor's residence and looking at it. Moments later Brown arrived at the rear of the neighbor's residence driving a black sedan. Brown got out of the car, walked to the front porch, retrieved the package, and drove off with it. When officers attempted to conduct a traffic stop, a high-speed chase ensued, culminating in a foot chase and eventually Brown's apprehension and recovery of the methamphetamine.

Waldrip pled guilty to conspiracy to distribute marijuana, in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(D), and 846. At sentencing, the district court[1] included the seized methamphetamine from the controlled delivery in the drug quantity determination as relevant conduct under U.S.S.G. § 1B1.3(a)(1). The court applied a reasonable foreseeability analysis and also noted this court's decision in United States v. Strange, 102 F.3d 356 (8th Cir. 1996). The court placed Waldrip in offense level 29 and criminal history category II, which yielded a tentative guidelines range of 97–121 months. Because of the 5-year maximum sentence, the guidelines range became 60 months. Waldrip was sentenced to 46 months' imprisonment.

Waldrip's challenge to the district court's relevant-conduct findings is reviewed for clear error. United States v. Ault, 446 F.3d 821, 823 (8th Cir. 2006). We will only reverse the district court's findings if they are unsupported by substantial evidence, based on an erroneous view of applicable law, or if in the light of the entire record, we are left with a firm and definite conviction that a mistake has been made. United States v. Lawrence, 854 F.3d 462, 466 (8th Cir. 2017).

Waldrip contends there was no evidence to support the district court's conclusion that the methamphetamine delivery was within the scope of his conviction for conspiracy to distribute marijuana. Pursuant to U.S.S.G. § 1B1.3(a)(1)(A), relevant conduct includes "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant . . . that occurred during the commission of the offense of conviction." Under this subsection, a defendant is accountable "for all quantities of contraband with which he was directly involved," without regard to whether those quantities were reasonably foreseeable. U.S.S.G. § 1B1.3 cmt. n.3(D); see United States v. Strange, 102 F.3d 356, 359–61 (8th Cir. 1996). For jointly undertaken criminal activity, relevant

---

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

conduct includes "all acts and omissions of others that were . . . (i) within the scope of the jointly undertaken criminal activity; (ii) in furtherance of that criminal activity, and (iii) reasonably foreseeable in connection with that criminal activity . . . that occurred during the commission of the offense of conviction." U.S.S.G. § 1B1.3(a)(1)(B).

It is well-established that a quantity of drugs may be attributed to a defendant as relevant conduct at sentencing if the court finds by a preponderance of the evidence that the transaction or activity was part of the same course of conduct or scheme and either known to the defendant or reasonably foreseeable to him. United States v. Brown, 148 F.3d 1003, 1008 (8th Cir. 1998). The unobjected-to information within the Presentence Investigation Report, which the district court relied on, established that: (1) Waldrip connected Brown to the drug dealer in California, (2) both Brown and Waldrip were nearby when the parcel containing methamphetamine was delivered to Waldrip's neighbor's house, and (3) Waldrip was observed loitering in a park immediately behind Brown's house after Brown picked up the parcel. No clear error lies in the district court's findings that the methamphetamine shipment was part of the same course of conduct as the offense of conviction and reasonably foreseeable to Waldrip. Because the methamphetamine delivery was includable as relevant conduct under §1B1.3(a)(1)(B),[2] we affirm.

_____

[2]Under these facts, Waldrip aided and abetted the methamphetamine shipment, which occurred during the commission of the offense of conviction. Accordingly, § 1B1.3(a)(1)(A) would also be applicable. United States v. Nunez, 306 Fed.App'x 328, 328 (8th Cir. 2009) (unpublished); Strange, 102 F.3d at 359–61.